COURT OF APPEALS
DECISION
DATED AND FILED

April 27, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1034-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF404

**IN COURT OF APPEALS
DISTRICT III**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ANTHONY D. NEMETZ,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Shawano County: JAMES R. HABECK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anthony Nemetz appeals from a judgment convicting him of multiple criminal offenses and an order denying his

postconviction motion. Nemetz claims he is entitled to a new trial based upon the State's failure to provide notice pursuant to WIS. STAT. § 971.23(9) (2019-20),[1] that it would be using DNA evidence at trial. We conclude the State's failure to provide statutory notice was harmless error and therefore affirm.

## BACKGROUND

¶2 The charges in this case arose from the burglary of a residential property. The probable cause portion of the criminal complaint alleged law enforcement had connected Nemetz to the burglary through DNA evidence. Among the items reported stolen by the homeowners was a gun safe. Law enforcement located the gun safe near the intersection of two logging roads in the woods about a week after the burglary. They recovered several other items in the immediate area of the safe, including three juice pouches. The State Crime Laboratory matched DNA samples taken from the juice pouches to Nemetz's DNA profile in the Combined DNA Index System database. It also matched the DNA from the juice pouches to a subsequent sample of Nemetz's DNA taken by law enforcement in conjunction with this case. The State attached the State Crime Laboratory reports to the complaint.

¶3 The State filed a witness list about five months before trial. The list included two DNA analysts from the State Crime Laboratory. The State did not, however, provide Nemetz with a separate, mailed, written notice of its intent to submit DNA profile evidence at trial at least forty-five days before trial, as required by WIS. STAT. § 971.23(9)(b).

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

¶4 At the final pretrial hearing, Nemetz moved to exclude the DNA analysts' testimony based on the State's violation of the discovery statute. The circuit court denied the motion, reasoning that the State had provided Nemetz with adequate notice of its intent to use DNA evidence by listing and identifying two DNA analysts on its witness list. The State proceeded to introduce the DNA evidence at trial, and Nemetz was ultimately convicted of the charges. He now appeals.

## DISCUSSION

¶5 Section 971.23(9) of the Wisconsin Statutes provides in relevant part:

> (b) Notwithstanding [other discovery provisions dealing with the provision of scientific reports and the reports of expert witnesses], if either party intends to submit deoxyribonucleic acid profile evidence at a trial to prove or disprove the identity of a person, the party seeking to introduce the evidence shall notify the other party of the intent to introduce the evidence in writing by mail at least 45 days before the date set for trial; and shall provide the other party, within 15 days of request, [relevant reports relating to the evidence].

> (c) The court shall exclude deoxyribonucleic acid profile evidence at trial, if the notice and production deadlines under par. (b) are not met, except the court may waive the 45 day notice requirement or may extend the 15 day production requirement upon stipulation of the parties, or for good cause, if the court finds that no party will be prejudiced by the waiver or extension. The court may in appropriate cases grant the opposing party a recess or continuance.

Sec. 971.23(9). We normally review alleged violations of this discovery statute de novo, following a three-part analysis. *See State v. Rice*, 2008 WI App 10, ¶14, 307 Wis. 2d 335, 743 N.W.2d 517 (2007) (examining another subsection of the

statute). We first determine whether a party failed to disclose information it was required under the statute to disclose. *Id.* If so, we next determine whether the party had good cause for the failure and if the circuit court properly admitted the evidence in conjunction with other relief, such as a continuance. *Id.* Finally, in the absence of good cause or other adequate relief, we decide whether the admission of the evidence was harmless. *Id.*

¶6 Here, the State concedes that it failed to comply with WIS. STAT. § 971.23(9)(b), but it argues there was good cause to waive the notice deadline under § 971.23(9)(c), and any error was harmless in any event. We note that the circuit court explicitly declined to make a good cause determination or to waive the notice deadline under para. (c), after determining that the State's provision of the witness list satisfied the notice requirement under para. (b). We need not address the good cause issue, however, because we conclude that any error the circuit court made in concluding that the notice provision had been satisfied was harmless.

¶7 Under the harmless error rule, this court will not reverse a judgment based upon "the improper admission of evidence, or for error as to any matter of … procedure" unless "after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial." WIS. STAT. § 805.18(2). The beneficiary of the error bears the burden of demonstrating "there is no reasonable possibility that the error contributed to the conviction." *State v. Harvey*, 2002 WI 93, ¶40, 254 Wis. 2d 442, 647 N.W.2d 189 (citation omitted).

¶8 We begin our analysis of harmless error under WIS. STAT. § 805.18(2) by addressing the nature of "the error complained of" on this appeal. Nemetz alleges the circuit court erroneously exercised its discretion or otherwise erred in permitting the State to introduce DNA evidence in the absence of the required statutory notice—essentially categorizing the court's action as an improper admission of evidence. From that premise, Nemetz argues that the admission of the DNA evidence was not harmless error because it contributed to his conviction.

¶9 We note, however, that the circuit court's decision to allow the State to introduce the DNA evidence was not based upon its *inherent* admissibility. Rather, the court was called upon to determine whether exclusion of the DNA evidence was warranted *as a remedy* for the State's alleged failure to provide the required notice under the discovery statute. We characterize the State's alleged discovery error in this case as a matter of procedure. Because the court would not need to reach the question of a proper remedy unless and until the State's alleged procedural error had been established, we consider the State's alleged failure to comply with the discovery statute to be the fundamental "error complained of" on appeal. Our harmless error analysis is therefore focused on whether there is a reasonable possibility that the State's acknowledged failure to provide a separate, mailed, written notice of its intent to use DNA evidence affected Nemetz's substantial rights and contributed to his conviction.

¶10 The State points out that Nemetz had actual notice that the State intended to use DNA evidence based upon the probable cause portion of the complaint, the DNA reports attached to the complaint, and the naming of two DNA analysts from the State Crime Laboratory as witnesses. Each of these items was provided prior to the forty-five-day notice deadline, with some provided

substantially before then. Given the manner in which the DNA evidence was used to link Nemetz to the burglary, we agree with the State that it was obvious the State would be introducing the DNA reports and related witness testimony at trial. Moreover, Nemetz did not ask for a continuance, and he has not identified any additional DNA testing he would have requested, any additional questions or line of inquiry that he would have posed to the State's DNA witnesses, or any additional DNA witnesses he himself would have called if he had been provided with a separate, mailed, written notice of the State's intent to use DNA evidence. If a statutorily permitted continuance itself would have changed nothing regarding Nemetz's ability to defend against the known DNA evidence, we find further strength in our analysis of harmless error.

¶11 In short, Nemetz had a sufficient opportunity to prepare for the introduction of DNA evidence at his trial, thus fulfilling the purpose of the notice statute. We therefore conclude there is no reasonable possibility that the State's failure to comply with WIS. STAT. § 971.23(9)(b) contributed to Nemetz's conviction.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.